# REPUBLIC OF HAWAII *v.* LOUIS VASCONCELLES.

### EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED JUNE 21, 1897.        DECIDED OCTOBER 30, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN PLACE
OF JUDD, C.J., ABSENT.

Sec. 78, Act 64, Laws of 1896, reads: "'No person holding a merchandise license shall be permitted by virtue thereof, to sell or furnish opium or any preparation thereof, nor any poisonous drugs, nor alcohol, spirituous liquors or other intoxicating drink." Held, this section does not prohibit the selling or furnishing of the enumerated articles, but merely provides that the selling or furnishing of these things are not permitted by the merchandise license, and hence the defendant, who while holding a merchandise license furnished spirituous liquor to certain persons, should have been charged if at all, not under this section, but under some other section or statute prohibiting the furnishing of spirituous liquor without a license.

### OPINION OF THE COURT BY FREAR, J.

The defendant was tried and convicted in the Circuit Court of the Third Circuit, jury waived, on appeal from the District Court of North Kona, upon a charge of furnishing spirituous liquor to certain persons contrary to the provisions of Secs. 78 and 79, Act 64, Laws of 1896, and now comes here on various exceptions. One of these exceptions raises the question of the construction of these sections of the statute.

This Act is a general act relating to various licenses and these sections are in that portion of the Act which relates to "merchandise licenses."

Sec. 78 reads thus: "No person holding a merchandise license shall be permitted by virtue thereof, to sell or furnish opium or any preparation thereof, nor any poisonous drugs, nor alcohol, spirituous liquors or other intoxicating drink."

Sec. 79 reads thus: "Any person who shall sell imported goods, wares or merchandise without a license under this Act; * * * or who shall otherwise violate or fail to observe any of the terms, conditions, or requirements of this Act, or of his license, shall be fined," &c.

The defendant held a merchandise license, but no liquor license. He gave some liquor to certain persons in a small room used as an office in the same building with his store. He was charged with "furnishing," not "selling," and there was no proof of a sale, and therefore the first part of Section 79 (which relates only to selling) is not involved. The latter part of the section, however, prescribes a penalty for violating any of the terms, conditions or requirements of the Act, and the question in this case is whether the terms, conditions or requirements of Sec. 78 were violated. This section relates to "furnishing" as well as "selling" spirituous liquors and certain other articles. But does it prohibit the selling or furnishing, or does it merely provide that a merchandise license shall not authorize the selling or furnishing of those articles?

The section reads: "No person holding a merchandise license shall be permitted by virtue thereof, to sell or furnish" the enumerated articles. It is contended on the one hand that the words "by virtue thereof" should be construed to mean "on the premises where the licensed business is conducted." This is in order to avoid the objection that the section might be unconstitutional if it should be held to apply to the licensee personally and apart from his merchandise business. On the other hand it is contended that the section should be construed to mean merely that a merchandise license shall not cover these enumerated articles; in other words, that if a person wishes to sell or furnish these articles he must procure the special licenses required for the selling or furnishing of those articles; that is, a person is not

permitted to sell these things "by virtue of" the merchandise license; the merchandise license would not protect him in case he should be prosecuted under another statute or portion of this statute for selling or furnishing these things without the appropriate license.   It seems to us that the latter is the correct construction, although much can be said in favor of the other construction.   These sections are penal and should be strictly construed.   If it were clear that the Legislature intended that the section should be contrued as in the nature of a prohibition and not in the nature of an exception, no doubt, even though the section is penal, the court should, if it reasonably could, construe it so as to effectuate the intention.   But where there is a doubt as to the intention of the Legislature, the court should lean to the construction favorable to the accused.   A general merchandise license would naturally be taken to permit the selling or furnishing of all classes of merchandise.   Hence, if the Legislature intended that there should be exceptions for which other special licenses should be procured, it would naturally insert a section of the kind in question—providing that the selling or furnishing of the excepted articles should not be permitted "by virtue of" the merchandise license.   It is more natural to read the section as providing that the enumerated articles shall not be sold or furnished by virtue of the license than to read it as providing that they shall not be sold or furnished on the licensed premises.   This section differs from the clause in Section 71, relating to lodging and tenement houses, hotels, boarding houses and restaurants, which expressly provides that no intoxicating liquor shall be furnished or sold on the licensed premises.

This section is perhaps capable of three constructions.   It may mean that the enumerated articles shall not be sold by the licensed person (1) anywhere, or (2) on the licensed premises or (3) by virtue of the license (whether on the licensed premises or anywhere else).   The natural construction is the last.   The Legislature may well have intended this construction, and to mean this the words of the section need be read merely as they are written.   Under the first of these three constructions the section

might be unconstitutional. At least the Legislature probably did not intend to place a restriction of this kind upon a certain class of persons merely because they held merchandise licenses. Moreover reading the section in this sense would render useless the words "be permitted by virtue thereof, to." The second construction, like the third, may well have been intended by the Legislature, but would require the elimination of the words "by virtue thereof" before the words "to sell or furnish" and the insertion of the words "on the licensed premises" after the words "sell or furnish."

The defendant did not furnish the liquor in question "by virtue of" his merchandise license; he did not furnished it by virtue of any license. He should have been charged if at all under some section or statute that prohibited the furnishing of spirituous liquor without a license.

In view of our conclusion upon this point, it will be unnecessary to pass upon the other points raised by the exceptions. These other points relate to the construction of the word "furnish" and the constitutionality of the section in question.

The exceptions are sustained and the defendant is discharged.
*Dep. Atty. Gen'l. E. P. Dole* for prosecution.
*Thurston & Stanley* for defendant.

### DISSENTING OPINION BY WHITING, J.

I respectfully dissent from the decision of the majority of the Court.

Act 64, Session Laws of 1896, is an Act amending and consolidating the laws regulating licenses.

#### PROHIBITED ARTICLES.

Section 78. No person holding a merchandise license shall be permitted, by virtue thereof, to sell or furnish opium or any preparation thereof, nor any poisonous drugs, nor alcohol, spirituous liquors or other intoxicating drink.

Section 79. Any person who shall sell * * * * any article not permitted by his license to be sold; or who shall otherwise fail to observe any of the terms, conditions or require-

ments of this Act, or of his license shall be fined not exceeding one thousand dollars or imprisonment at hard labor not exceeding six months, and in the discretion of the court his license may be cancelled.

The defendant claims that the wording of Sections 78 and 79 of the Act 64, renders the Act unintelligible, and that no conviction can be had. The wording referred to in Section 78 is "no person holding a merchandise license shall be permitted *by virtue thereof* to sell or furnish   *   *   *   * spirituous liquors or other intoxicating drink."

Section 79 contains a provision that any one "who shall violate or fail to observe any of the terms, conditions or requirements of this Act or of his license" shall be fined, etc.

It is clear to me that one of the terms, conditions and requirements of the merchandise license as set forth in Section 78 is that the holder shall not sell or furnish spirituous liquor, etc., that being an article prohibited by Section 78.

The merchandise license enables the defendant to sell or furnish any and all merchandise except the prohibited articles, and one of these articles of merchandise is spirituous liquor.

Even if the language of a statute be dubious, yet we are to construe it according to its reason, spirit and intent, or the cause which led the Legislature to enact it, and we are to give effect to the law, even if we reject words which are not necessary to make it effectual; and we also must reject a construction which leads to an absurdity. Sections 10, 12 and 13 of the Civil Code.

With or without the words *by virtue thereof*, the statute sets out clearly the terms, conditions and requirements which the holder of the license must abide by, and an infraction of them is a violation of the terms of his merchandise license for which he is liable to punishment. The furnishing of liquor to persons on the premises for which the license was granted is a violation of the terms of the license. We should give effect to this law under the rules of construction set forth in Sections 10, 12 and 13 of the Civil Code. This exception should be overruled. It is unnecessary to consider the other exceptions.